**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL D. RUTHERFORD and JILL M. RUTHERFORD,

       Plaintiffs,

  v.

INTEGRITY 1ST FINANCIAL GROUP, et al.,

       Defendants.

3:12-cv-19-RCJ-WGC

**ORDER**

Currently before the Court is Defendant Cal-Western Reconveyance Corporation's motion for summary judgment (#8) and Defendant PNC Bank's joinder to the motion for summary judgment (#24). For the following reasons, the Court grants in part and denies in part the motion for summary judgment (#8) and grants the joinder to the motion for summary judgment (#24).

**BACKGROUND[1]**

---

[1] Defendant Cal-Western Reconveyance Corporation has requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Req. for Judicial Notice (#9)). Plaintiffs' argue that these publicly recorded documents should not be admitted as evidence because they have not been authenticated. (Objection to Req. for Judicial Notice (#17) at 4-8). To satisfy the requirement that a document submitted as evidence be authenticated, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901(a). This requirement is met by evidence that the document is recorded or filed in a public office as authorized by law. FED.

In January 2007, Plaintiffs Michael and Jill Rutherford purchased real property located at 11680 Anthem Drive, Sparks, Nevada 89436 (the "Property"). (Deed of Trust (#9) at 6, 8). To finance the purchase of the Property, Plaintiffs obtained a $587,700.00 loan, secured by a deed of trust dated January 5, 2007. (*Id.* at 6-7). The deed of trust listed Integrity 1st Financial, LLC as lender and Stewart Title Company as trustee. (*Id.*).

On January 6, 2009, Integrity 1st Financial recorded an assignment transferring all beneficial interest in the deed of trust to National City Bank. (Assignment of Deed of Trust (#9) at 38). PNC Bank later acquired National City Bank by merger and thereby obtained all beneficial interest in the deed of trust. (Merger Approval (#9) at 76; Certificate (#19-6); Declaration (#24-2)).

On March 16, 2010, PNC Bank executed a limited power of attorney appointing Cal-Western Reconveyance Corporation ("Cal-Western") as its attorney-in-fact for the purposes of executing substitutions of trustee in Nevada, among other states, and to execute assignments to the securing deed of trust. (Limited Power of Attorney (#21-1) at 7-8). Cal-Western then substituted itself as trustee of the deed of trust on June 11, 2010 and recorded this substitution on August 11, 2010. (Substitution (#9) at 44).

Plaintiffs defaulted on the note secured by the deed of trust by failing to make the payment due on February 1, 2010. (Notice of Default (#9) at 40). Ticor Title of Nevada then executed and recorded a notice of default on June 30, 2010. (*Id.* at 40-42). Ticor Title claimed to be acting as agent for LSI Title Agency, who in turn claimed to be acting as agent for Cal-Western. (*Id.*). Although an agreement has been presented in which Cal-Western appointed LSI Title Agency as its agent to execute and record notices of default, (Agreement (#21-1) at 1-5), no evidence has been presented that Ticor Title—the party which ultimately

---

R. EVID. 901(b)(7)(A). The publicly recorded documents at issue in this case have been stamped by the Washoe County Recorder as being recorded in that office, and therefore the documents are properly authenticated. (*See* Req. for Judicial Notice (#9) at 5, 38, 40, 44, 46, 48, 50). The Court will accordingly admit these publicly recorded documents as evidence.

2

executed and recorded the notice of default—was given authority to do so.

A certificate issued by the State of Nevada Foreclosure Mediation Program was recorded on October 26, 2010. (Certificate (#9) at 46). The certificate noted that mediation had not been requested or Plaintiffs had waived mediation, and therefore the foreclosure was permitted to proceed. (*Id.*).

On February 22, 2011, Cal-Western assigned all beneficial interest in the deed of trust to U.S. Bank, N.A. (Assignment (#9) at 48). Cal-Western recorded a notice of trustee's sale on October 20, 2011. (Notice of Trustee's Sale (#9) at 50). The Property apparently has not yet been sold. (Mot. for Summ. J. (#8) at 4).

Plaintiffs filed a complaint in Nevada state court on December 23, 2011 against Integrity 1st Financial Group, fka Integrity 1st Financial, LLC; PNC Bank, N.A., dba PNC Mortgage; National City Mortgage Company; and Cal-Western. (Compl. (#1-1) at 2). The complaint contains three causes of action, including (1) injunctive and declaratory relief for violations of NRS §§ 107.080 and 107.086; (2) tortious breach of the implied duty of good faith and fair dealing; and (3) breach of contract and the covenant of good faith and fair dealing. (*Id.* at 10-12).

Defendant Cal-Western filed a motion for summary judgment on February 14, 2012. (Mot. for Summ. J. (#8)). Cal-Western filed concurrently with its motion for summary judgment exhibits which include both publicly recorded documents and affidavits. (Req. for Judicial Notice (#9)). Plaintiffs filed a response to the motion for summary judgment on March 19, 2012 and filed an objection to the request for judicial notice on March 20, 2012. (Response (#15); Objection to Req. for Judicial Notice (#17)).

Defendant PNC Bank (collectively with Cal-Western "Defendants") on behalf of itself and all PNC related defendants, including National City Mortgage, filed a joinder to Cal-Western's motion for summary judgment on July 16, 2012. (Joinder (#24)).

## LEGAL STANDARD

The purpose of summary judgment is to dispose of factually unsupported claims and defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). A court must grant

summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

When presented with a motion for summary judgment, the court employs a burden-shifting analysis. When the moving party would bear the burden of proof at trial, it must present evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992). In such circumstances, "the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.* In contrast, when the nonmoving party would bear the burden of proving the claim or defense, the moving party may satisfy its burden in two ways: (1) by presenting evidence which negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party has failed to make a showing sufficient to establish an essential element to that party's case on which that party would bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment and need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party meets its initial burden, the burden will then shift to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To show a genuine issue of material fact, the opposing party is not required to establish a material issue of fact conclusively in its favor. Rather, it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In essence, the nonmoving party cannot avoid

summary judgment by solely relying on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The opposition must go beyond the allegations and assertions of the pleadings and set forth specific fact by providing the court with competent evidence that establishes a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, the court is not to weigh the evidence and determine the truth, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant must be believed, and all justifiable inferences drawn in his favor. *Id.* at 255. If the evidence of the nonmoving party is simply colorable or it is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

## DISCUSSION

**I.  Injunctive and Declaratory Relief Based on Violations of NRS §§ 107.080 and 107.086 (Count One)**

Plaintiffs' claims against Defendants in their first cause of action for injunctive and declaratory relief are not independent claims, but are dependent claims based on the assertion that the foreclosure process in this case was not in accordance with NRS §§ 107.080 and 107.086. (Compl. (#1-1) at 7-11); *Miller v. MERSCORP, Inc.*, 2011 WL 6097751, at *8 (D. Nev. 2011) ("Claims for injunctive relief [and] declaratory relief . . . are prayers for relief, not independent causes of action."). NRS §§ 107.080 and 107.086 set out certain procedures that must be followed before a trustee may execute the power of sale, and if these procedures are not substantially complied with, the sale may be declared void. NEV. REV. STAT. § 107.080(5)(a). In order to foreclose on the borrower, the beneficiary, successor in interest of the beneficiary or the trustee must first execute and cause to be recorded a notice of default. *Id.* § 107.080(2)(c). It is a statutory defect for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at *2 (D. Nev. 2011). The notice of default must then be mailed to the borrower along with a form upon which the borrower may indicate an election to enter into mediation under the Nevada Foreclosure Mediation Program. NEV. REV. STAT. §

5

107.086(2)(a)(3)-(4). The foreclosure then may not proceed until the trustee records a certification from the Mediation Administrator providing that mediation is either not required or has been completed. *Id.* § 107.086(2)(c).

Plaintiffs' first allege that the foreclosure was improper because Cal-Western was not the trustee of the deed of trust and the foreclosure documents required by NRS § 107.080 were executed and recorded without the proper authority. (Compl. (#1-1) at 9-10). Cal-Western substituted itself as trustee of the deed of trust on June 11, 2010, (Substitution (#9) at 44), which it had the authority to do under the limited power of attorney executed by PNC Bank, (Limited Power of Attorney (#21-1) at 7-8). Accordingly, Cal-Western was properly substituted as trustee of the deed of trust. Defendants have also sufficiently established that Cal-Western appointed LSI Title Agency as its agent with authority to execute and record notices of default on its behalf. (Agreement (#21-1) at 1-5). However, the notice of default was executed and recorded by Ticor Title, who claimed to be an agent of LSI Title Agency, who in turn claimed it was acting as an agent of Cal-Western. (Notice of Default (#9) at 40-42). Although Defendants have established that both Cal-Western and LSI Title Agency were authorized to execute the notice of default, no evidence has been presented that Ticor Title—the party which actually executed and recorded the notice of default—had any such authority. A genuine issue of material fact therefore exists as to whether the party executing the notice of default had authority to do so. As Defendants have not presented sufficient evidence demonstrating that Ticor Title had the proper authority to execute and record the notice of default, Defendants are not entitled to summary judgment on this claim.

Plaintiffs also allege that Defendants did not send them a form upon which they could elect mediation as required by NRS § 107.086(2)(a)(3)-(4). (Compl. (#1-1) at 7). In response to this allegation, Cal-Western has produced the affidavit of Lorrie Womack, Assistant Vice President of Cal-Western, establishing that Plaintiffs were mailed a copy of the notice of default and a form upon which the borrower could elect mediation on July 9, 2010. (Womack Aff. (#21) at 37). Defendants have therefore properly shown that it substantially complied with the requirements of NRS § 107.086(2)(a)(3)-(4).

6

Because Defendants have shown that they complied with the requirements of NRS § 107.086(2)(a)(3)-(4), Cal-Western's motion for summary judgment is hereby granted on this claim. However, as Defendants have failed to establish that the party which executed and recorded the notice of default had the proper authority to do so, Cal-Western's motion is denied on the claim that Defendants failed to comply with NRS § 107.080.

**II.     Breach of the Implied Duty of Good Faith and Fair Dealing (Count Two)**

Plaintiffs next claim that Defendants tortiously breached the implied duty of good faith and fair dealing. (Compl. (#1-1) at 11-12). An action in tort for breach of the implied duty of good faith and fair dealing however is limited to "rare and exceptional cases" where there exists a special relationship of trust and reliance between the tort victim and the tortfeasor. *Insurance Co. of the West v. Gibson Tile Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006). Nevada courts have recognized this type of special relationship in various relationships which share "a special element of reliance," such as those formed by employment, bailment, insurance, and partnerships. *Id.*

No special relationship exists between Defendants and Plaintiffs and accordingly Defendants are entitled to summary judgment on this claim. Plaintiffs have failed to even plead that a special relationship exists between Defendants and Plaintiffs, but rather allege that Defendants are essentially strangers to the foreclosure. (Compl. (#1-1) at 7-9). Cal-Western's position as trustee does not create a special relationship between the parties because trustees in the mortgage context do not owe any duties beyond those imposed by the deed of trust and the Nevada foreclosure statutes. *Harlow v. MTC Fin. Inc.*, --- F.Supp.2d ----, 2012 WL 2060651, at **4-5 (D. Nev. 2012). PNC Bank, as beneficiary, also has no special relationship with Plaintiffs because the lender/borrower relationship is insufficient to create a special relationship. *Hannon v. Wells Fargo Home Mortg.*, 2012 WL 2499290, at *4 (D. Nev. 2012). Defendants are consequently entitled to summary judgment on Plaintiffs' claim of tortious breach of the implied duty of good faith and fair dealing.

**III.    Breach of Contract and the Covenant of Good Faith and Fair Dealing (Count Three)**

7

Plaintiffs' allege in their final claim that Defendants breached the deed of trust and the covenant of good faith and fair dealing by attempting to foreclose on the Property without first recording a certificate from Nevada's Foreclosure Mediation Program. (Compl. (#1-1) at 12). Defendants however have properly shown that a certificate from Nevada's Foreclosure Mediation Program was in fact recorded on October 26, 2010. (Certificate (#9) at 46).[2] Defendants are accordingly entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Cal-Western's motion for summary judgment (#8) is GRANTED IN PART AND DENIED IN PART as follows:

(1) Cal-Western's motion for summary judgment is DENIED on the claim for injunctive and declaratory relief based on violations of NRS § 107.080 contained in Count One.

(2) Cal-Western's motion for summary judgment is GRANTED on the claims for injunctive and declaratory relief based on violations of NRS § 107.086 contained in Count One, for tortious breach of the implied duty of good faith and fair dealing contained in Count Two, and for breach of contract and the covenant of good faith and fair dealing contained in Count Three.

IT IS FURTHER ORDERED that PNC Bank's joinder to Cal-Western's motion for summary judgment (#24) is GRANTED.

DATED: This 3rd day of August, 2012.

_____
United States District Judge

---

[2] Plaintiffs contend that the certificate is inadmissible evidence because it has not been properly authenticated. (Objection to Req. for Judicial Notice (#17) at 6-7). However, as noted above, the certificate has been stamped by the Washoe County Recorder as being recorded in that office, (Certificate (#9) at 46), and the certificate is therefore properly authenticated. See supra note 1; FED. R. EVID. 901(b)(7)(A).