✓ FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
MAY 17 2013
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MICHAEL D. RUTHERFORD and JILL M. RUTHERFORD,

Plaintiffs,

v.

INTEGRITY 1ST FINANCIAL GROUP, et. al.,

Defendants.

3:12-cv-19-RCJ-WGC

**ORDER**

---

Currently before the Court are Defendant Cal-Western Reconveyance Corporation's Renewed Motion for Summary Judgment (#30) and Plaintiffs' Motion for Extension of Time to File Response (#34).

**BACKGROUND**

In January 2007, Plaintiffs Michael and Jill Rutherford purchased real property located at 11680 Anthem Drive, Sparks, Nevada 89436 (the "Property"). (Deed of Trust (#9) at 6, 8). To finance the purchase of the Property, Plaintiffs obtained a $587,700.00 loan, secured by a deed of trust dated January 5, 2007. (*Id.* at 6-7). The deed of trust listed Integrity 1st Financial, LLC as lender and Stewart Title Company as trustee. (*Id.*).

On January 6, 2009, Integrity 1st Financial recorded an assignment transferring all beneficial interest in the deed of trust to National City Bank. (Assignment of Deed of Trust (#9) at 38). PNC Bank later acquired National City Bank by merger and thereby obtained all beneficial interest in the deed of trust. (Merger Approval (#9) at 76; Certificate (#19-6); Declaration (#24-2)).

On March 16, 2010, PNC Bank executed a limited power of attorney appointing Cal-

Western Reconveyance Corporation ("Cal-Western") as its attorney-in-fact for the purposes of executing substitutions of trustee in Nevada, among other states, and to execute assignments to the securing deed of trust. (Limited Power of Attorney (#21-1) at 7-8). Cal-Western then substituted itself as trustee of the deed of trust on June 11, 2010 and recorded this substitution on August 11, 2010. (Substitution (#9) at 44).

Plaintiffs defaulted on the note secured by the deed of trust by failing to make the payment due on February 1, 2010. (Notice of Default (#9) at 40). Ticor Title of Nevada then executed and recorded a notice of default on June 30, 2010. (*Id.* at 40-42). Ticor Title claimed to be acting as agent for LSI Title Agency, who in turn claimed to be acting as agent for Cal-Western. (*Id.* at 42).

On February 22, 2011, Cal-Western assigned all beneficial interest in the deed of trust to U.S. Bank, N.A. (Assignment (#9) at 48). Cal-Western recorded a notice of trustee's sale on October 20, 2011. (Notice of Trustee's Sale (#9) at 50). The Property apparently has not yet been sold. (Mot. for Summ. J. (#8) at 4).

Plaintiffs filed a complaint in Nevada state court on December 23, 2011 against Integrity 1st Financial Group, fka Integrity 1st Financial, LLC; PNC Bank, N.A., dba PNC Mortgage; National City Mortgage Company; and Cal-Western. (Compl. (#1-1) at 3). The complaint alleged three causes of action, including (1) injunctive and declaratory relief for violations of NRS §§ 107.080 and 107.086; (2) tortious breach of the implied duty of good faith and fair dealing; and (3) breach of contract and the covenant of good faith and fair dealing. (*Id.* at 10-12).

In August 2012, this Court granted in part and denied in part Cal-Western's motion for summary judgment and PNC Bank's joinder. (Order (#26) at 1, 8). The Court granted the motion for summary judgment for injunctive and declaratory relief based on violations of NRS § 107.086 in Count One, tortious breach of the implied duty of good faith and fair dealing in Count Two, and breach of contract and the covenant of good faith and fair dealing in Count Three. (*Id.* at 8). The Court denied summary judgment on the claim for injunctive and declaratory relief based on violations of NRS § 107.080. (*Id.*).

In that order, the Court found the following. (*Id.* at 6). Cal-Western had the authority to substitute itself as trustee of the deed of trust on June 11, 2010, under the limited power of attorney executed by PNC Bank. (*Id.* at 6). Thus, Cal-Western was a properly substituted trustee of the deed of trust. (*Id.*). The evidence sufficiently established that Cal-Western had appointed LSI Title Agency as its agent with authority to execute and record notices of default on its behalf. (*Id.*). However, the notice of default was executed and recorded by Ticor Title, who claimed to be an agent of LSI Title Agency, who in turn claimed it was acting as an agent of Cal-Western. (*Id.*). Although Defendants had established that both Cal-Western and LSI Title Agency were authorized to execute the notice of default, no evidence had been presented that Ticor Title—the party who actually executed and recorded the notice of default—had any such authority. (*Id.*). The Court found that there was a genuine issue of material fact as to whether the party executing the notice of default had authority to do so. (*Id.*). The Court found that Defendants were not entitled to summary judgment on the NRS § 107.080 claim because they had not presented sufficient evidence demonstrating that Ticor Title had the proper authority to execute and record the notice of default. (*Id.*).

The pending motions now follow.

**LEGAL STANDARD**

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265

(1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

**DISCUSSION**

Cal-Western filed a renewed motion for summary judgment[1] to provide evidence establishing that Ticor Title of Nevada, Inc. was an agent of LSI Title who was authorized to execute and record the notice of default. (Renewed Mot. for Summ. J. (#30) at 1, 3). In support of the renewed motion, Cal-Western attaches the declaration of Catherine Biddle, title assistant with LSI Title since September 2007. (Biddle Decl. (#30) at 8). Biddle declares that, on June 18, 2010, she sent an email to Stan Silva, the title officer of Ticor Title, and requested that he execute and record the notice of default on the Property. (*Id.* at 9). She declares that Ticor Title was not permitted to execute or record particular notices of default unless LSI Title

---

[1] PNC Bank, N.A. filed a joinder to this motion. (Joinder (#31) at 1).

gave them permission to do so. (*Id.*). Cal-Western also attaches Biddle's email to Silva, dated June 18, 2010. (Biddle Email (#30) at 11). The email identifies Biddle's email address as cbiddle@lpsvcs.com. (*Id.*). The email states that "LPS has attached a Notice of Default for the following order" and says, "Stan, Please execute and record the attached NOD in Washoe." (*Id.*). The email states, "We appreciate your business, LPS Default Title & Closing." (*Id.*).

In response, Plaintiffs argue that the email came from LPS Default Title & Closing and not from LSI. (Opp'n to Renewed Mot. (#35) at 4-5).[2]

In reply, Cal-Western asserts that LSI Title is an indirect subsidiary of Lender Processing Services, Inc. ("LPS") and that LSI Title's fictitious business name is "LPS Default Title & Closing." (Reply to Renewed Mot. (#37) at 2). In support of the motion, Cal-Western files the declaration of Lan Tran, an assistant title officer with LSI Title since 2001. (Tran Decl. (#38) at 1). Tran declares that Biddle's email domain is "@LPSVCS.com" because LSI Title is an indirect subsidiary of Lender Procesing Services, Inc. ("LPS") and that LSI Title's fictitious business name in California is LPS Default Title & Closing. (*Id.* at 2). Tran declares that because LSI Title is an indirect subsidiary of LPS, the email from Biddle to Ticor Title contains an LPS reference number, which is one of the indicators used by LSI Title to identify the specific property within Title Management, LSI Title's document management system. (*Id.*).

The Court finds that Cal-Western has provided evidence establishing that LSI Title is an indirect subsidiary to LPS Default Title and Closing and that Biddle was employed by LSI Title at the time she authorized Ticor Title to file a notice of default on LSI Title's behalf. As such, the Court finds that Cal-Western has provided evidence that Ticor Title of Nevada, Inc. was an agent of LSI Title who was authorized to execute and record the notice of default.

---

[2] Plaintiffs also argue that Cal-Western did not have the authority to appoint itself as trustee through the limited power of attorney and that the Court should *sua sponte* correct its previous order. (*See* Opp'n to Renewed Mot. (#35) at 4). The Court finds this argument without merit.

Plaintiffs also filed a motion for a one-day extension of time to respond to Cal-Western's renewed motion for summary judgment. (Mot. to Extend (#34) at 1-2). The Court grants the motion for an extension of time.

Accordingly, the Court grants Cal-Western's Renewed Motion for Summary Judgment (#30) in its entirety.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendant Cal-Western Reconveyance Corporation's Renewed Motion for Summary Judgment (#30) is GRANTED in its entirety. There are no remaining claims in this case.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Extension of Time to File Response (#34) is GRANTED.

IT IS FURTHER ORDERED that any notice of lis pendens filed in this case is CANCELLED and EXPUNGED.

The Clerk of the Court shall enter judgment in this case.

DATED: This 17th day of May, 2013.

United States District Judge